SHAYLA NELSON,                )
                                )
          Plaintiff,           )
                                )
v.                           )          Case No. 4:25-cv-00916-DGK
                                )
PISTON AUTOMOTIVE, LLC,    )
                                )
          Defendant.        )

## ORDER DENYING MOTON TO DISMISS

This lawsuit arises from Plaintiff Shayla Nelson's employment with Defendant Piston Automotive, LLC ("Piston"). Plaintiff alleges Piston's actions in suspending her employment, and eventually terminating her, violated the Missouri Human Rights Act ("MHRA") and the Missouri Whistleblower Protection Statute.

Now before the Court is Piston's Motion to Dismiss Counts II (retaliation) and IV (whistleblower protection) brought under Federal Rule of Civil Procedure 12(b)(1), which concerns subject matter jurisdiction. ECF No. 8. Piston apparently means to argue the Court lacks jurisdiction to hear this case because Plaintiff failed to exhaust her administrative remedies before filing suit. Because Piston fails to cite the relevant standard in its initial brief and waited to make its best argument until its reply brief, the motion is DENIED.

Although Piston's motion is brought under Rule 12(b)(1), Piston's briefing repeatedly cites the standard for ruling on a Rule 12(b)(6) motion. *Compare* Mot. to Dismiss at 1, *with* Mem. in Support at 2–3, ECF No. 9, and Reply Br. at 1, ECF No. 23. While a "facial attack" on subject matter jurisdiction gives the non-moving party the same protection it would receive in defending against a Rule 12(b)(6) motion, a motion brought under Rule 12(b)(1) is quite different from one

brought under 12(b)(6). *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). In any event, the Court declines to do Piston's legal research for it and identify the relevant legal standard, much less apply Piston's arguments to that standard. *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008) ("It is not this court's job to research the law to support a[] [party's] argument.").

The Court also notes that despite the argument section of Piston's opening brief being less than two pages long—which suggests Piston had plenty of room to raise all relevant arguments—Piston waited until its reply brief to make its strongest argument in support of dismissal, namely that discharge is a discrete act that must be raised in the administrative complaint to exhaust administrative remedies. *See* Reply Br. at 2–4. This argument could have, and should have, been raised in Piston's brief. Because the Court abhors "sandbagging," that is, the practice of waiting for the reply brief to argue an issue for the first time so the non-moving party cannot respond, the Court will not consider this argument. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (observing that "[l]oading-up on a reply brief effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based," is "unfair to one's opponent," and "adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides").

Accordingly, Piston's motion to dismiss is DENIED.[1]

---

[1] Even if the Court considered the merits of Piston's argument that Plaintiff failed to exhaust her administrative remedies before filing suit, the outcome would be the same. Plaintiff's claims are brought under the MHRA, and under Missouri law, "administrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Farrow v. Saint Francis Med. Ctr.*, 407 S.W.3d 579, 594 (Mo. banc 2013). "As a result, administrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge." *Kerr v. Missouri Veteran's Comm'n*, 537 S.W.3d 865 (Mo. App. 2017). "A claim is 'like or reasonably related' to the ... charge [of discrimination] ... if there is a factual relationship between them." *Id*. at 875. When determining whether the claims in a subsequent civil suit are "like or reasonably related" to the allegations contained in the administrative charge, the Missouri Supreme Court has held that "the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." *Farrow*, 407 S.W.3d at 594. In the present

2

**IT IS SO ORDERED.**

Date:   June 4, 2026                              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

case, the administrative charge asserted that Plaintiff's supervisor altered Plaintiff's performance ratings because she "wanted a justification to terminate my employment," and that "Piston's false claim and narrative is an attempt to justify my termination and retaliate against me for objecting . . . and questioning hiring practices."  Admin. Charge at 3–4, ECF No. 18-1.  Hence, the Court holds the claims raised in Counts II and IV reasonably relate to the charges raised in the administrative complaint.

3